IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01171-BNB

J. BRENT LIEDTKE,

    Applicant,

v.

R. WILEY, Warden FPC Florence,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 0 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant, J. Brent Liedtke, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. On June 4, 2009, Mr. Liedtke filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court must construe the amended application liberally because Mr. Liedtke is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Liedtke will be ordered to file an amended pleading.

The Court has reviewed the amended application filed in this action and finds that the claims Mr. Liedtke asserts are not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See*

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Mr. Liedtke is not challenging the validity of his conviction or the execution of his sentence.  Instead, he challenges the conditions of his confinement.  Specifically, Mr. Liedtke complains that he has been removed from the general prison population and placed in special housing without notice.  He also complains that he is being denied law library access.

Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action.  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).  Therefore, because the claims Mr. Liedtke raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Liedtke is reminded that he must allege specific facts in the Prisoner Complaint that demonstrate how each defendant he names personally participated in the asserted violations of his rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  In order for Mr. Liedtke to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, the Court notes that Mr. Liedtke has paid the $5.00 filing fee for a habeas corpus action.  However, because the Court has determined that the claims Mr. Liedtke is raising are not habeas corpus claims, the filing fee for this action is $350.00. *See* 28 U.S.C. § 1914(a).  Mr. Liedtke is required to pay the entire $350.00 filing fee because

he is a prisoner. *See* 28 U.S.C. § 1915(b)(1). Therefore, Mr. Liedtke he will be ordered either to pay the remaining $345.00 immediately or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full. Accordingly, it is

ORDERED that Mr. Liedtke file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Liedtke, together with a copy of this order, two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that, **within thirty (30) days from the date of this order**, Mr. Liedtke either pay the balance of the $350.00 filing fee or file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that, if Mr. Liedtke fails within the time allowed to file an amended pleading as directed in this order and either to pay the balance of the $350.00 filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion for leave to proceed *in forma pauperis* that Mr. Liedtke filed on May 12, 2009, is denied as unnecessary because he is being ordered either to pay the balance of the $350.00 filing fee or to file a properly supported 28 U.S.C. § 1915 motion.

DATED June 10, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01171-BNB

J. Brent Liedtke
Reg No. 83237-079
FCI
P.O. Box 6000
Florence, CO 81226-6000

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on  6/10/09

GREGORY C. LANGHAM, CLERK

By: _____
                     Deputy Clerk